IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JAN 2 9 2018

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | | |
|---|---|---|
| JEFFREY NICHOLAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-582-A |
| | § | |
| RODNEY CHANDLER,[1] | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the petition of Jeffrey Nicholas
("petitioner") for writ of habeas corpus pursuant to 28 U.S.C.
§ 2241. The court, having considered the petition, the response
of respondent, Warden Erica Strong[2], the reply, the record, and
applicable authorities, finds that the petition must be dismissed
for failure to exhaust administrative remedies.

Petitioner complains that he was deprived of his
constitutional rights in connection with disciplinary proceedings
against him that resulted in loss of forty-one days of good time
credit, thirty days of disciplinary segregation, and 180 days of
lost privileges, including phone, commissary, and visitation

---

[1]The court has been informed that Eric D. Wilson has succeeded Rodney W. Chandler as Warden
of FCI Fort Worth. Therefore, Eric D. Wilson is automatically substituted for Rodney W. Chandler as a
party. See Fed. R. Civ. P. 25(d)(1).

[2]Erica Strong was serving as Acting Warden of FCI Fort Worth at the time when the response
was filed, but has subsequently been replaced by Eric D. Wilson.

privileges. Petitioner seeks restoration of benefits and expunction of his disciplinary history.

A prisoner seeking habeas relief under § 2241 must exhaust all administrative remedies available to him prior to bringing an action in federal court. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10-.15. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to Bureau of Prisons staff; if not satisfied with the result, he or she must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. 28 C.F.R. §§ 542.13-.14. The final appeal is to the Bureau of Prisons's Office of General Counsel, "within 30 calendar days of the date the Regional Director signed the response." Id. at 542.15(a).

To be excused from these exhaustion requirements, petitioner must demonstrate either that the administrative remedies are

unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances,"[3] and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

Petitioner contends that bringing his § 2241 claim in district court is proper because he has exhausted the administrative remedies available to him. However, a review of the record indicates that his appeal to the Office of General Counsel was filed on or around March 27, 2017, approximately sixty-eight days after his appeal to the Regional Director was denied. See Doc.[4] 10 at 27. Thus, the disposition of petitioner's appeal is properly categorized as rejected as untimely, rather than as denied. Petitioner admits that the appeal was untimely. Doc. 1 at 11. He contends that such delay is the fault of Respondent, who "clos[ed] the prison law library for a significant period of time during which [petitioner] could not access the Program Statements including the Inmate Discipline,

---

[3]Included in the extraordinary circumstances exception would be situations where exhaustion could "opreate[] as a simple dead end," Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1858-60 (2016), such as an institutional bias or policy against the prisoner's position or actions taken by the prisoner, unsuccessfully, that equate to exhaution. No such exceptional circumstance exists in the instant action.

[4] The "Doc.__" reference is to the number of the item on the court's docket in this action.

other reference material, and assistance from the legal clerks in the library." Doc. 17 at 1. However, petitioner has failed to demonstrate how or why this fact, if true, constitutes an extraordinary circumstance excusing his noncompliance with the exhaustion requirements detailed above. Equitable tolling applies principally where the petitioner is actively misled by the respondent or is prevented in some extraordinary way from asserting his rights. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). Ignorance of the law is not an excuse for delay. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Neither is lack of access to the prison law library or legal assistance, unless petitioner can show (and petitioner has not done so here) that the lack of adequate legal materials actually prevented him from timely filing his appeal. Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). Thus, petitioner's failure to properly follow the administrative procedures afforded to him mean that he cannot bring a § 2241 action challenging the disciplinary actions taken against him.

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Jeffrey Nicholas, be, and is hereby, dismissed without prejudice for failure to exhaust

administrative remedies.

    SIGNED January 29, 2018.

JOHN McBRYDE
United States District Judge